IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVEN TAYLOR TUTTLE,<br>Plaintiff, | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CIBA VISION CORP., a Delaware corporation, and DOES 1-10,<br>Defendants. | Case No. 2:05-CV-340 TS |

This matter is before the Court on Defendant CIBA Vision Corp.'s (hereinafter Defendant) Motion for Summary Judgment,[1] filed August 29, 2006. Plaintiff filed his Memorandum in Opposition[2] on November 14, 2006, and Defendant replied[3] on December 8,

[1] Docket No. 14.

[2] Docket No. 25.

[3] Docket No. 30.

2006.[4] The Court finds that oral argument would not be helpful to its determination of the instant Motion. Having reviewed the pleadings and the file and being otherwise fully informed, the Court will grant Defendant's Motion for Summary Judgment, as set forth more fully below.

DISCUSSION

In Plaintiff's Complaint, he alleges the following causes of action: 1) strict product liability, 2) negligence, 3) breach of express warranty, 4) breach of implied warranty of merchantability, and 5) breach of implied warranty of fitness for a particular purpose. However, Defendant's Motion for Summary Judgment approaches the analysis from a slightly different angle, arguing: 1) Plaintiff has failed to present any evidence to support his design defect and manufacturing defect claims, 2) Plaintiff's warning claims are preempted by federal law, and 3) Plaintiff cannot present evidence to support damages.

The Court finds that there are no genuine issues of material fact which are in dispute on any of Plaintiff's claims and, consequently, judgment as a matter of law must issue in favor of Defendant.

A. Standard of Review.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

[4] This case was originally filed in state court on or about March 11, 2005. On April 13, 2005, Defendant removed the matter to this Court, based upon diversity.

matter of law."[5] In reviewing the record, the Court views the evidence and draws any inferences therefrom in the light most favorable to the party opposing summary judgment.[6] The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law."[7] Accepting all of the facts in the light most favorable to Defendant as the non-moving party, the Court finds as follows:

B. Evidence Re: Design and Manufacturing Defect.[8]

The Court makes the initial finding that each of Plaintiff's causes of action, despite being argued under alternative theories, is nonetheless based upon an underlying theory that Defendant's Clear Care solution was defective in terms of its design, manufacture, or warnings.[9] As Plaintiff concedes,[10] these claims require Plaintiff to prove that Defendant's product is

---

[5] Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[6] *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 929 (10th Cir. 1994).

[7] *Bingaman v. Kansas City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

[8] Plaintiff appears to concede his third and fifth causes of action for breach of express warranty, and breach of implied warranty for a particular purpose, respectively. In response to Defendant's analysis and argument, Plaintiff "concedes that product liability always requires proof of a defective product," but that "alternative theories are available to prove different categories of defective product, including negligence, strict liability, or implied warranty of merchantability." (Docket No. 25, at 8.) Nowhere in Plaintiff's opposition does he mention or discuss his third or fifth causes of action. However, based upon the Court's findings below, such a finding is unnecessary here, because the Court finds that these claims fail on their merits, as discussed below.

[9] *See* Docket No. 25, at 10.

[10] *Id.* at 8.

somehow defective in that it is either unsafe or otherwise failed to perform as the manufacturer intended.[11]

Plaintiff has failed to offer any evidence whatsoever – expert or otherwise – to support his claim that Defendant's product was unreasonably dangerous to the consumer. With regard to an alleged design defect, Plaintiff has not identified whether or how Defendant's design deviates from industry standards or practices, nor has he proffered a "safer, feasible, alternative design."[12] Plaintiff similarly has failed to meet his burden regarding a manufacturing defect, as he has not produced any evidence the bottle of Clear Care product at issue here "deviat[ed] from the product's design specifications . . ."[13]

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that there are no genuine issues of material fact in dispute regarding any of Plaintiff's causes of action which arise from claims of an alleged design or manufacturing defect. Plaintiff's conclusory allegations are insufficient to meet his burden, and cannot survive judgment as a matter of law. Consequently, summary judgment must issue on these claims.

C. Warning Defect and FDA Preemption.

Section 21 U.S.C. § 360k(a) of the Medical Device Amendments to the Federal Food, Drug, and Cosmetic Act ("the Act") expressly prohibits states from enacting any statute or

---

[11] *See Bishop v. Gentec, Inc.*, 48 P.3d 218 (Utah 2002); *Grundberg v. Upjohn Co.*, 813 P.2d 89, 92 (Utah 1991) ("Product liability always requires proof of a defective product, which can include manufacturing flaws, design defects, and inadequate warnings regarding use.").

[12] *See Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 867 (10th Cir. 2003).

[13] *Id.*

common law rule that imposes warning requirements that are "different from or in addition to any requirement" of the Act.[14] It is undisputed that the FDA has issued a comprehensive Guidance Document which governs the form, content and requirements for labels on hydrogen peroxide-based solutions, such as the product at issue here.[15] It is further undisputed that the FDA reviewed and approved the language in Defendant's warnings, instructions, and package inserts for the Clear Care solution, and that Defendant complied with the FDA's requirements. Plaintiff has not alleged a deviation or violation by Defendant with respect to these requirements.

With respect to claims arising out of an alleged warning defect, the Court finds that federal law preempts Plaintiff's state law claims. Therefore, judgment as a matter of law is appropriate on this issue.

D. Causation and Damages.

Although the Court has already found that all of Plaintiff's claims fail as a matter of law, the Court alternatively finds that Plaintiff has failed to establish any recoverable damages. In his Opposition, Plaintiff concedes that he "cannot refute the assertion that the medical evidence produced in this case establishes that the Plaintiff's cataract was not caused by the incident described in Plaintiff's Complaint."[16] He further agrees that summary judgment should issue

---

[14] *See also Arkansas-Platte & Gulf Partnership v. Van Water & Rogers, Inc.*, 981 F.2d 1177, 1179 (10th Cir. 1993) (state common law labeling claims preempted by federal law).

[15] Docket No. 16, Exhibit A, entitled, "*Guidance for Industry: Premarket Notification (510(k)) Guidance Document for Contact Lens Care Products*" (May 1, 1997).

[16] Docket No. 25, at 19.

with respect to "consideration of the cataract."[17] However, Plaintiff obliquely states that "all other damages and injury not specifically tie[d] to the cataract are appropriate," yet does not specify what "other damages and injury" are present in this case, arguing only that "Plaintiff has a right to present his damages at trial."[18]

Plaintiff's own treating physician, Dr. Matthew Parsons, testified in his deposition[19] that he did not observe any residual effects or complications resulting from Plaintiff's contact with Clear Care solution,[20] and that it was Plaintiff's cataract – not the Clear Care solution – which was causing his vision loss.[21] Dr. Parsons further stated, with a degree of medical certainty, that hydrogen peroxide "just doesn't penetrate deeply enough [into the surface of the eye] to cause that kind of problem."[22] With respect to non-cataract complications, Dr. Parsons testified that Plaintiff had no "complication or ongoing pain," no reason he could not return to work or his normal life activities, and no additional need for follow-up care.[23] Plaintiff has not disputed this testimony.

---

[17] *Id.*

[18] *Id.* at 18-19.

[19] Docket No. 30, Exhibit 2.

[20] It was a "past problem that had resolved. And we were just focusing on the cataract . . ." *Id.* at 3.

[21] *Id.* at 5.

[22] *Id.* at 7.

[23] *Id.* at 6.

Plaintiff has simply failed to raise a disputed issue of material fact with respect to his alleged damages. Even viewing the evidence in the light most favorable to the Plaintiff, and considering his specific claims for damages,[24] Plaintiff's claims fail as a matter of law.

E. Conclusion.

The Court finds, viewing the evidence in the light most favorable to Defendants as the non-moving party, that no genuine issues of material fact are in dispute on any of Plaintiff's claims and, consequently, summary judgment is appropriate in this matter. Therefore, the Court will grant Defendant's Motion as to all claims raised in Plaintiff's Complaint.

CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 14) is GRANTED, and judgment is granted in favor of Defendant and against Plaintiff on all claims.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED March 1, 2007.

BY THE COURT:

TED STEWART
United States District Judge

[24] *See* Docket No. 25, at 6.